IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN C. VALLES,<br>    Plaintiff<br><br>    v.<br><br>WARDEN DAVID J.<br>EBBERT, *et al.*,<br>    Defendants | :<br>:<br>:   No. 1:18-cv-1967<br>:<br>:   (Judge Rambo)<br>:<br>:<br>: |

## MEMORANDUM

Before the Court is Defendants' Motion to Dismiss (Doc. No. 10) Plaintiff Juan C. Valles' Amended Complaint (Doc. No. 9), and Valles' "Motion in Support for Amend, Motion on First Amendment Mail Interference/Enhancement Claim" (Doc. No. 12). For the following reasons, the Court will grant the Motion to Dismiss, grant Valles's Motion, and allow Valles to file a second amended complaint.

**I.  BACKGROUND**

This case was initiated by the filing of the original Complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), in Civil Action No. 18-716 by *pro se* Plaintiffs Camden Barlow, Terrell Wilson, Christopher Alvarez, Nathan A. Railey, Valles, and Doreteo Garcia, all of whom were incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg") at that time. (Doc. No. 1.)  In that Complaint, Plaintiffs alleged that Defendants had violated their rights under the Equal Protection Clause of the Fourteenth Amendment, their First Amendment rights to access the

courts, and their First Amendment rights regarding mail. On July 24, 2018, the Court dismissed Plaintiffs' Equal Protection claim and their access to the courts claim, and directed service of their First Amendment enhanced mail restriction claim. *Barlow v. Ebbert*, Civ. A. No. 18-716 (M.D. Pa.) (Doc. Nos. 38, 39). On October 10, 2018, the Court granted Plaintiff Railey's motion to sever and directed that each individual Plaintiff file an amended complaint under a separate civil action number by November 9, 2018. *Id.* (Doc. Nos. 89, 90).

Valles did not file an amended complaint by November 9, 2018. Accordingly, by Order entered on December 4, 2018, the Court directed the Defendants to respond to Valle's remaining First Amendment mail interference/enhancement claim. (Doc. No. 8.)[1] On December 26, 2018, the Court received Valles' Amended Complaint. (Doc. No. 9.)

This matter is proceeding against Warden David J. Ebbert ("Ebbert"), SIS Officer Buebendorf ("Buebendorf"), and Officer/Counselor Tharp ("Tharp"). Valles alleges that during the entire time that he was incarcerated in USP Lewisburg's Special Management Unit ("SMU"), he "mailed over 50 letters to loved ones and friends yet over 30 of those sent letters that [he] knows of were never sent out nor given back by [personnel] as is required by policy." (*Id.* at 1.) He claims

---

[1] The document numbers from henceforth refer to filings in the instant case.

that during that time, he only received two (2) letters from family and friends, and that he received those letters one-and-a-half months after the date indicated by the postmark. (*Id.*) In those letters, Valles' family and friends "were asking if [he] was ok because they had months that they hadn't heard of his whereabouts." (*Id.* at 1-2.) Those individuals also informed Valles "that they had sent multiple letters that were sent back to them with no reason why given as well as pictures that they never received back." (*Id.* at 2.)

According to Valles, staff members at USP Lewisburg told him that "they didn't hold on to any mail and that pictures and letters sent in to him would be placed in R&D property." (*Id.*) However, Valles did not have any letters and pictures in his property when he left USP Lewisburg. (*Id.*) Valles claims that "many people in the B-Block of the USP Lewisburg SMU would get [their] mail in copies and not the originals." (*Id.*) He further states that inmates did not receive copies of the letters until one (1) or two (2) months after they had already been received at USP Lewisburg. (*Id.*) As relief, Valles seeks an Order "allow[ing] a court agent to walk through B-Block so that the court agent can ask inmates" about his allegations. (*Id.*)

## II. STANDARD OF REVIEW

Defendants have filed a Motion to Dismiss, arguing that Valles' Amended Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure and

3

fails to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### A. Motion to Dismiss, Federal Rule of Civil Procedure 8

The Federal Rules of Civil Procedure provide that a pleading stating a claim for relief must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Dismissal of a complaint under Rule 8 is proper when it "[leaves] the defendants having to guess what of the many things discussed constituted [a cause of action]." *Binsack v. Lackawanna Cty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (per curiam). Similarly, dismissal under Rule 8 is appropriate in "those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Tillio v. Spiess*, 441 F. App'x 109, 110 (3d Cir. 2011) (per curiam) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

### B. Motion to Dismiss, Federal Rule of Civil Procedure 12(b)(6)

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

(2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under *Twombly* and *Iqbal*, pleading requirements have shifted to a "more heightened form of pleading." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. *Id.* The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in *Iqbal*, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)).

In the context of *pro se* prisoner litigation specifically, the court must be mindful that a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## III. DISCUSSION

Defendants argue that Valles' Amended Complaint should be dismissed because of his failure to allege the personal involvement of Defendants in connection with the incidents averred in his Amended Complaint and fails to describe how his First Amendment rights were violated. (Doc. No. 11 at 7-10.) As discussed below, the Court agrees.

"A *Bivens* action, which is the federal equivalent of the § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001). Specifically:

> *Bivens* creates no substantive rights, but rather allows "a citizen suffering a compensable injury to a constitutionally protected interest [to] invoke the general federal-question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." . . . To state a claim under *Bivens*, the plaintiff must show that the defendant, acting under color of Federal law, deprived him of a right secured by the Constitution or laws of the United States.

*Naranjo v. Martinez*, Civ. No. 408-1755, 2009 WL 4268598, at *6 (M.D. Pa. Nov. 24, 2009) (citations omitted). Civil rights, claims, however, "cannot be premised on a theory of *respondeat superior*. Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim." *Millbrook v. United States*, 8 F. Supp. 3d 601,

7

614 (M.D. Pa. 2014). Indeed, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Millbrook*, 8 F. Supp. 3d at 614 (quoting *Rode* in the *Bivens* context).

Here, Valles has not set forth any allegations identifying how Ebbert, Buebendorf, and Tharp were personally involved in the alleged constitutional deprivations. Other than listing their names in the caption of this case, Valles fails to mention anything about the three Defendants in his Amended Complaint. For this reason alone, the Amended Complaint is subject to dismissal.

Instead of filing a brief in opposition to the Motion to Dismiss, Valles has filed his "Motion in Support for Amend, Motion on First Amendment Mail Interference/Enhancement Claim." (Doc. No. 12.) In this Motion, Valles sets forth, for the first time, allegations regarding Defendants' personal involvement in the alleged First Amendment violations. (*Id.* at 1-4.) The United States Court of Appeals for the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v.*

*Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This instruction applies equally to *pro se* plaintiffs and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). "A district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672 (3d Cir. 2014) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)).

In light of the allegations set forth in Valles' "Motion in Support for Amend, Motion on First Amendment Mail Interference/Enhancement Claim," the Court will construe his Motion as a motion for leave to file a second amended complaint and grant that motion. Valles will be afforded an opportunity to file a second amended complaint with respect to his First Amendment mail interference/enhancement claim. He is advised that the second amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the original complaint, the amended complaint, or any other documents already filed. The second amended complaint should set forth Valles' claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. It should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendants in the acts which he claims violated his rights. Mere conclusory allegations will not set forth a cognizable claim. The Court will also direct the Clerk of Court to mail

Valles a civil rights complaint form to use for filing his second amended complaint, which the Court encourages Valles to use.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss (Doc. No. 10) and dismiss Valles' Amended Complaint (Doc. No. 9). Valles' "Motion in Support for Amend, Motion on First Amendment Mail Interference/Enhancement Claim" (Doc. No. 12) will be construed as a motion for leave to file a second amended complaint and, so construed, will be granted. Valles will be given thirty (30) days from the date of this Memorandum's corresponding Order in which to file a second amended complaint in conformance with the above. An appropriate Order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: April 4, 2019